**AUTOMED TECHNOLOGIES,**
Plaintiff,

v.

**KNAPP LOGISTICS & AUTOMATION, INC., et al., Defendants.**

**No. 104CV1152WSD.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 8, 2005.

John C. Herman, Ryan K. Walsh, Duane Morris, Atlanta, GA, for Plaintiff.

Geoffrey Kirkland Gavin, John S. Pratt, Michael Allen Bertelson, Steven D. Moore, Kilpatrick Stockton, Russell Adam Korn, Sutherland Asbill & Brennan, Atlanta, GA, for Defendants.

## ORDER

DUFFEY, District Judge.

This matter is before the Court on Defendant's Motion to Compel [57], Plaintiff's Response in Opposition to Defendant's Motion to Compel [61] and Defendant's Reply Brief in Support of Motion to Compel [66].

## BACKGROUND

This is a patent infringement case in which Plaintiff alleges that Defendants violated Plaintiff's '829 Patent covering a prescription vial filling system. Plaintiff claims Defendants infringed the '829 Patent "by virtue of, *inter alia*, selling or offering for sale an automated prescription vial filling system to Kaiser Permanente at a facility in Downey, California." Before the Court is a discovery dispute between the parties. Defendant Knapp Logistics & Automation, Inc. ("Defendant") moves to compel the production of information in response to four (4) discovery requests:

1. Interrogatory No. 17 requests information about the damages Plaintiff seeks or does not seek as a result of Defendant's "use, sale, importation, or offer for sale" of a prescription vial filling system at the Lancaster, Texas Veterans Administration Hospital ("VA Hospital").

2. Request for Production No. 20 request documents related to Plaintiff's previous bids involving products covered by the '829 Patent at issue in this case.

3. Request for Production Nos. 37 and 38 request information regarding Plaintiff's efforts to sell prescription vial filling systems or subsystems to the VA Hospitals in Chelmsford, Massachusetts and Tucson, Arizona.

Defendant argues that this discovery relates to the issues of damages and obviousness in this litigation. Plaintiff claims its answer to Interrogatory No. 17 was revised after Defendant's motion to compel was filed and that it has now served a sufficient response to the interrogatory. Plaintiff claims that the information about the offer to send systems to other persons is not relevant to damages or any other issues in the case and thus objects to producing documents in response to Request for Production Nos. 20, 37 and 38. Underlying Plaintiff's refusal to produce sale offer information is its allegation that Defendant "is using the pending litigation as an excuse to acquire (improperly) highly sensitive business information, the disclosure of which would provide Knapp U.S. with an unwarranted competitive advantage over Automed in ongoing bids to the VA" and that the request for information is "nothing more than a thinly-veiled attempt to elicit highly sensitive competitive information regarding matters and processes that bear no relation to this litigation, but which would, if disclosed, provide Knapp U.S. with an unfair competitive advantage in the marketplace." (Pl.'s Resp. to Mot. to Compel at 2–3.) That is, Plaintiff alleges Defendant's purpose is to wrongfully use the discovery process to compete unfairly. This is a serious charge.

## DISCUSSION

The discovery Defendant seeks here principally focuses on sales or attempted sales by Plaintiff of its patented system so that Defendant can evaluate if Plaintiff is entitled to damages, either in the form of lost profits or the calculation of a reason-

able royalty. Defendant also alleges the discovery at issue is necessary to evaluate whether prior art renders unpatentable the system manufactured by Plaintiff. Plaintiff agrees damages and obviousness are issues in this case but argues that the information requested is not relevant to the manner in which damages are determined or how obviousness is evaluated. The Court disagrees.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). Thus, the issue is not simply relevance, but whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. The Court believes the discovery requested falls squarely within the scope of the rule.

 First, with respect to Interrogatory No. 17, Defendant is entitled to a clear articulation of the damages Plaintiff alleges in this case. The interrogatory propounded by Defendant seeks a clear statement of Plaintiff's damages and is a proper question which is required to be answered. Plaintiffs argue they provided an amended answer to Interrogatory 17.[1] The Court has reviewed the supplemental response and find that it is qualified, equivocal and incomplete. The response is embedded with statements of Plaintiff's legal contentions and litigating positions.

It is more of an argument than it is a discovery answer. Defendant is entitled to a clear answer to the question presented and it should be provided. To the extent Defendant requests an explanation why Plaintiff does not seek damages or other relief as a result of Defendant's sale of a vial filling system to the VA Hospital in Texas, a response to that inquiry is not required. Rule 33(c) of the Federal Rules of Civil Procedure provides that an "interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed.R.Civ.P. 33(c). Thus, while interrogatories may require an explanation of a party's contention, Defendant here asks for an explanation why Plaintiff does *not* contend that the sale to the VA Hospital in Texas is relevant. This is not an appropriate area of inquiry and a response to this portion of the question is not required.

 Second, Defendant seeks information about Plaintiff's other sale offers. Plaintiff argues that because its claim in this case is limited to a single sale, other sales are not relevant on the issue of lost profits or what constitutes a reasonable royalty. The Court disagrees. *Rite–Hite Corp. v. Kelley, Co.,* 56 F.3d 1538 (Fed.Cir. 1995) presents four factors germane to the lost profits analysis in a patent infringement case: "(1) demand for the patented product; (2) absence of acceptable noninfringing substitutes; (3) [the alleged infringer's] manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit [patentee] would have made." *Id.* at 1545. *Georgia–Pacific Corp. v. United States Plywood Corp.,* 318

---

1. Plaintiff apparently intended to attach its amended response to Interrogatory 17 as Exhibit 1 to their brief in opposition to the motion. It neglected to do so. It was, however, attached as Exhibit A to Defendants' reply brief and thus available for the Court to review.

F.Supp. 1116 (S.D.N.Y.1970), *modified and aff'd*, 446 F.2d 295 (2d Cir.1971) sets forth factors for use in evaluating a reasonable royalty when a patent has been violated. Included in the factors to consider are "[t]he established profitability of the product made under the patent, its commercial success; and its current popularity." *Id.* at 1120. Other sales and offers of sale, including those that occur after the sale at issue in this litigation, appear to be directly related to the evaluation criteria set out in the *Kelley* and *Georgia-Pacific* cases. The documents requested to be produced in response to Requests for Production Nos. 20, 37 and 38 are at least reasonable calculated to lead to the discovery of admissible evidence. The Court notes that VA Hospital sales appear to be relevant to Plaintiff. Defendant points out that it has produced significant discovery to Plaintiff in response to their request for information about the sale by Defendant of a prescription vial filling system to the VA Hospital in Lancaster, Texas. Plaintiff does not dispute it has requested information about VA sales. It is illogical for Plaintiff to prohibit similar discovery requested by Defendant.[2]

Finally, Plaintiff claims the purpose of this discovery is to abuse the discovery system to gain an improper competitive advantage. The Court understands that litigation often is acrimonious and difficult. But the integrity of the litigation process and the public's confidence in our civil system of justice is eroded when parties ascribe to opponents and their lawyers broad, disparaging motives in conducting litigation. The erosion is greatest where, as here, the Court has put into place at the party's request substantial protections against the improper use of business information that must necessarily be exchanged in a commercial dispute. The Protective Order entered by the Court on December 16, 2004, and amended on July 1, 2005, is sufficient to address Plaintiff's competitive concerns.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel is **GRANTED** and Plaintiff will serve its response to Interrogatory No. 17[3] and will produce documents responsive to Request for Production Nos. 20, 37 and 38 on or before July 22, 2005. If Plaintiff withholds documents on the grounds of the attorney-client or work-product privileges, a privilege log is required to be prepared. The log shall contain the following information about each document withheld:

(1) Document type;

(2) Date;

(3) Author;

(4) Recipients or persons to whom the claimed privileged information was communicated; and

(5) Specific basis for the privilege claimed.

The log shall be served on Defendant on or before July 30, 2005.

---

**2.** Plaintiff argues the VA has not decided which sales offers it will accept for its hospitals in Chelmsford, Massachusetts and Tucson, Arizona. Defendant claims the VA has accepted the offers made by McKesson. Whether the offers have been accepted is not material. The information requested is at least relevant on the *Kelley* issues of the de-

mand for the patented product and the availability of noninfringing substitutes and the commercial success and current popularity criteria in *Georgia–Pacific*.

**3.** Plaintiff is not, however, required to explain why it does not seek damages for the sale to the VA Hospital in Texas. (*See* Discussion, *supra*, at 1370.)